# Olive *v*. The State.

## *Manslaughter.*

(Decided May 20, 1913.   63 South. 36.)

1. *Homicide; Self Defense; Jury Question.*—It was for the jury to say whether circumstances made it necessary for defendant to take the life of deceased to save his own, or to save his person from serious bodily harm, or whether a reasonable belief as to such necessity existed, although the evidence of the state did not contradict the testimony of defendant, who was the only eye witness, and although defendant was free from fault in bringing on the difficulty.

2. *Same; Degree; Jury Question.*—The question of the degree of the homicide is a question for the jury where the evidence is such as to warrant the submission to the jury of the guilt or innocence of accused.

[Olive v. The State.]

3. *Charge of Court; Degree of Proof.*—A charge asserting that if the mind of the jury was in a state of confusion as to defendant's guilt or innocence, he should be acquitted was susceptible of the construction that their minds must be satisfied as to his guilt, which requires a too high degree of proof.

4. *Same; Covered by Those Given.*—Where the court had already instructed at the request of defendant that the uncontradicted evidence showed that defendant did not bring on the difficulty, it was harmless error to decline to instruct that threats by deceased could be considered in determining who brought on the difficulty.

5. *Same; Undue Prominence to Evidence.*—A charge asserting that as the state had introduced a certain witness and vouched for his testimony, the jury had the right, and it was its duty to consider the evidence of the witness for a certain purpose, was properly refused as giving undue prominence to a particular matter.

APPEAL from Fayette Circuit Court.

Heard before HON. BERNARD HARWOOD.

Elmer Olive was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The following are the charges referred to:

"(1) If, after considering all the evidence, the minds of the jury should be in a state of confusion as to defendant's guilt or innocence, you must find the defendant not guilty."

"(16) I charge you that evidence of threats is admissible in this case to enable the jury to determine who provoked the difficulty, for the law says that a man who has threatened is more likely to bring on a fight than another who may be in a good humor."

The charge in the third assignment of error is not numbered, but charge 16 is as above set out.

"(20) The state has introduced Dr. Collins, and when the state does this it vouches for the evidence of the witness, and you have the right and it is your duty to consider the statements of Dr. Collins as to what Olive said there at the time as to who brought on the difficulty."

"(22) If the jury believe the evidence in this case, they cannot find the defendant guilty of manslaughter in the first degree."

[Olive v. The State.]

R. H. SCRIVENER, for appellant. This is the second appeal in this case.—*Olive v. State,* 2 Ala. App. 77. The court erred in refusing charge 1.—*Elmore v. State,* 92 Ala. 51; *A. G. S. v. Hill,* 9 South. 722; *Calhoun v. Hannon,* 87 Ala. 277; *B. R. L. & P. Co. v. Saxon,* 59 South. 584. The court erred in refusing charges 2 and 3. Defendant was entitled to the affirmative charge, as he was the only eye witness, and his testimony was not controverted by the state.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—This is the second appeal in this case —the former being reported in *Olive v. State,* 2 Ala. App. 77, 57 South. 66, where the judgment of conviction was reversed. On the subsequent trial the defendant was convicted of manslaughter in the first degree, and sentenced for five years. The only errors now urged are those alleged to have been committed by the trial court in the refusal of certain written instructions requested by defendant, and it is not necessary to an understanding of the disposition we make of these rulings that the facts of the case be reviewed or set out.

Under a recent decision of our Supreme Court, made in the case of *A. G. S. R. R. Co. v. Robinson,* 62 South. 813, where the subject is fully discussed and the cases reviewed, it is not reversible error for the trial court to refuse charges like that set out in the first assignment of error.—*A. G. S. R. R. Co. v. Robison.*

Neither did the court err in refusing the affirmative charge requested by defendant; for even assuming, contrary to the truth, that inferences from the facts proved by the state did not at all contradict defendant's version of the difficulty—he being the only eyewitness as

to how it happened and took place—and even assuming that he was free from fault in bringing on the difficulty, as he swore, and that he fired only under the conditions and circumstances testified to by him, it was still for the jury to say whether these conditions and circumstances were such as to create the necessity of taking the life of deceased in order for him (defendant) to save his own life, or his person from serious bodily harm, or a reasonable belief that such necessity existed.—*De Arman v. State,* 71 Ala. 351.

It is unnecessary to consider whether refused charge No. 16, made the basis of the third assignment of error, asserted a correct proposition of law or not, or whether if it did it was not faulty as being argumentative, since, even assuming that it was a good charge in every particular, there was no injury in refusing it, for the reason that the court affirmatively instructed the jury in writing at defendant's request that "the uncontradicted evidence in the case is that defendant did not provoke or bring on the difficulty," which was equivalent to charging that if the jury believe the evidence, they must find that the defendant did not provoke or bring on the difficulty. Therefore there could be no injury, if error, in refusing a charge asserting in effect, as said charge No. 16 did, that threats made by deceased could be considered by the jury in determining who brought on the difficulty.

For the same reason there could be no injury in refusing charge No. 20, set out in the fourth assignment of error. Besides, the charge is objectionable, if for no other reason, as attempting to single out and give undue prominence to the testimony of the witness named.

There was no error in refusing written charge numbered 22. The question of the degree of homicide of which the defendant is guilty is always a question for

the jury, and not the court, when the evidence is such as to warrant the submission to the jury of the guilt or innocence of the accused.

Affirmed.