(75 South. 705)

MANCILL v. STATE. (3 Div. 281.)

(Court of Appeals of Alabama. May 29, 1917.)

1. HOMICIDE ⊂⊃232 — EVIDENCE — DEFENDANT'S FREEDOM FROM FAULT.

Evidence, showing that after an altercation defendant went to his house, obtained a gun, and shot deceased, tends to show a premeditated killing.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 480.]

2. HOMICIDE ⊂⊃121 — EVIDENCE — SELF-DEFENSE.

Where evidence showed that defendant after an altercation went to his house, obtained a gun, walked back towards deceased and shot him, the doctrine of justification in defense of life or castle did not apply.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 176.]

3. CRIMINAL LAW ⊂⊃830—REFUSAL OF REQUESTS—FORM.

Where special charges requested were upon different subjects but together in one document, a refusal of all of them was not erroneous..

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2012, 2017.]

Appeal from Circuit Court, Escambia County; A. E. Gamble, Judge.

Jesse Mancill was convicted of homicide, and appeals. Affirmed.

See, also, 15 Ala. App. 421, 73 South. 756.

John R. Cooper, of Macon, Ga., and Stephen Douglas, of Brewton, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. The defendant killed Charlie Harold by shooting him with a gun. The killing occurred in the afternoon near the defendant's residence, and the evidence shows without dispute or room for adverse inference when considered in its most favorable light to the defendant that the defendant and the deceased had a difficulty, that the deceased struck the defendant on the mouth with his hand, and that a wordy altercation followed in which the deceased made threats of personal violence against the defendant. Thereupon the defendant left the place of the difficulty, walked a distance of 80 yards to his residence (the home of his father), got a drink of water and bathed his face, then procured a gun and walked about 20 steps back towards the deceased, who was coming towards the house, and when within about 20 steps of the deceased, who was on the opposite side of a fence from defendant, shot him to death. The evidence shows the deceased was making no hostile demonstrations towards defendant when he was shot, but at most was coming towards the defendant. The defendant testified, among other things:

"I don't remember anything else that Harold said till I come here. Then he said you come out here with your G——d d——n gun, G——d d——n little s—— of b——. He was coming right straight towards the house at the time. It was my father's house, but I considered it mine too. I guess he went about 40 yards from where we had the wrestle, 40 some odd; I never have stepped it. He was about 20 some odd yards from our gate when he fell. I was going up the wire fence, and he was coming down the wire fence."

[1, 2] This evidence clearly shows that the defendant was not free from fault. In fact, it strongly tends to show a deliberate and premeditated killing, and without the semblance of justification. Brewer v. State, 160 Ala. 66, 4 South. 336; Reese v. State, 135 Ala. 13, 33 South. 672. And the doctrine that justifies one in striking to the death in defense of his life or castle certainly has no application under the facts in this record. Watkins v. State, 89 Ala. 82, 8 South. 134; Thomas v. State, 13 Ala. App. 50, 69 South.

315; McGhee v. State, 178 Ala. 4, 59 South. 573.

[3] The record recites that several special charges requested by the defendant "were all together in one document." Some of them were charges on the doctrine of self-defense, and were for this and other reasons properly refused. No duty rested on the trial court to separate these charges from the others, and hence, as has been repeatedly held, refused all without error. Pearce v. State, 115 Ala. 115, 22 South. 502.

The oral charge of the court when considered as a whole, was a clear statement of the rules of law applicable to the case; and the defendant's exception to the charge is not sustained. We have examined all other exceptions reserved, and find nothing that warrants further discussion.

There is no error in the record, and the judgment is affirmed.

Affirmed.