STOVALL v. STATE. (6 Div. 982.)

(Court of Appeals of Alabama. June 6, 1922.)

1. Homicide ⬗340(4)—Error in charges as to malice harmless, on conviction of manslaughter.

Error in charges as to malice, such as a charge on the presumption of malice from the use of a deadly weapon, could not injuriously affect defendant's substantial rights, where he was convicted of manslaughter.

2. Criminal law ⬗822(14) — Excerpts from charge must be considered with the whole charge.

A statement in the charge that the jury should believe the witnesses and evidence which they believe to be true, and disbelieve the witnesses and evidence which they believe to be untrue, must be considered in connection with the whole charge on the subject.

3. Homicide ⬗309(3)—Instruction on manslaughter in second degree properly refused, when evidence did not warrant verdict for that offense.

It was not error to refuse to charge on manslaughter in the second degree, where the evidence would not have warranted the jury in returning a verdict for that offense.

**4. Criminal law ☞829(1)—Charges covered by others given properly refused.**

The refusal of a requested charge was not error, where the principles of law involved were amply covered by other charges given at defendant's request.

**5. Homicide ☞300(4)—Instruction as to self-defense, as affected by previous threats, held argumentative.**

An instruction that if, prior to a homicide, deceased had threatened defendant's life, and this was brought to defendant's knowledge. defendant had a right to anticipate danger, and act more quickly than if such threats had not been made, because the law recognized a greater likelihood of danger than where no threats had been made, was properly refused, as argumentative.

**6. Criminal law ☞763, 764(23) — Instruction that defendant had a right to be at deceased's house properly refused, as invading province of jury.**

On a trial for murder, an instruction that, on all the evidence, defendant had a right to be at deceased's house the day of the killing, and that the fact that he was there could not be considered against him because deceased was a negro, *held* properly refused, as invading the province of the jury.

**7. Criminal law ☞364(2)—Evidence of acts and statements of defendant and deceased's daughter, in deceased's presence, just before killing, admissible as res gestæ.**

Evidence that defendant caught deceased's daughter and made an improper proposal to her, and evidence as to what she said to her father immediately afterwards, was relevant as res gestæ; the father being then present, and the difficulty immediately beginning.

**8. Criminal law ☞369(3)—Evidence that deceased had been selling whisky at his house inadmissible, when killing did not take place at house.**

Where a homicide took place at a church, some distance from deceased's house, evidence that deceased had been selling whisky that day at his house to various parties was immaterial.

**9. Criminal law ☞421(1)—Testimony based on defendant's statement as to his purpose in going to deceased's house inadmissible, as hearsay.**

Testimony of a witness that defendant went to deceased's house to meet S. was inadmissible, as hearsay, where it was based on defendant's statement at a time when S. was not present.

**10. Homicide ☞169(1)—Evidence as to why defendant went to deceased's house on day of killing inadmissible, when killing did not occur at house or during daytime.**

Testimony that defendant went to deceased's house on the day of the homicide to meet S. was properly excluded, where the killing did not occur at the house, but at a church or schoolhouse some 250 yards away, and did not occur until night had fallen, especially where defendant testified to the same facts without objection, and they were not disputed.

**11. Homicide ☞156(2) — Evidence of words between defendant and deceased at another time and place irrelevant.**

Evidence of words passing between defendant and deceased at another time and place *held* irrelevant on a trial for murder.

**12. Criminal law ☞711—Limiting counsel in homicide case to 45 minutes for argument not abuse of discretion or denial of constitutional rights.**

The court *held* not to have abused his discretion or deprived defendant of any constitutional right by limiting his counsel's argument to 45 minutes on a trial for murder.

**13. Criminal law ☞723(1)—Remark in argument as to deceased's children held not to require reversal.**

On a trial for murder, a remark of the deputy solicitor in his argument that deceased's children ran home, hollering and crying, and met their mother, and told her that defendant had killed their father, *held* insufficient to justify a reversal.

Appeal from Circuit Court. Fayette County; W. J. Martin, Judge.

Berry Stovall was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The evidence tended to show that defendant killed Jordan Johnson at a schoolhouse about 250 yards from the home of the deceased, at night, by shooting him with a pistol; that for the state tending to show that the difficulty started over an improper approach by defendant to a daughter of deceased, and that for the defendant that it began about a joint whisky debt that deceased claimed against defendant, and that deceased struck defendant a blow, knocking him down, and was in the act of opening his knife, while advancing on defendant, when defendant fired the fatal shot. The exceptions to evidence sufficiently appear from the opinion.

The following charges were refused to the defendant:

(14) "If it has been shown from the evidence in this case that prior to the time the defendant fired the fatal shot that deceased had threatened the life of the defendant, and that the same was brought to the knowledge of the defendant, then the defendant would have a right to anticipate danger from the deceased and act more quickly than if such threats had not been made, because the law recognizes that where a man's life is threatened, and he is assaulted by the person who threatened him, that there is greater likelihood of danger than where no threats have been made, if any."

(15) "Considering all the evidence in this case, the defendant had a right to be at the

house of deceased the day of the killing, and the fact that he was there cannot be considered against him, because the deceased was a negro."

In his argument to the jury, the deputy solicitor said:

"The children of old Jordan Johnson ran home hollering and crying, and met their mother, and told her that Berry Stovall had killed their father."

Defendant objected to this, and the court overruled the objection, saying:

"The jury will remember the testimony."

M. L. Leith, of Jasper, and S. T. Wright, of Fayette,. for appellant.

Counsel discuss and insist upon the assignments of error, but they cite no authority in support thereof.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The defendant having been convicted of manslaughter, charges defining malice, if error, could not affect the defendant's substantial rights injuriously. Therefore that part of the court's oral charge stating the presumption of malice where a deadly weapon is used, will not be reviewed.

[2] The excerpt from the court's oral charge, as follows:

"You should believe the witnesses and the evidence which you believe to be true, and disbelieve the witnesses and the evidence which you believe to be untrue"

—is not a full statement of the court's charge upon that subject, and, while taken alone, would appear to be erroneous, when the whole sentence is read, the law is correctly stated. Fragments of sentences, taken here and there from the oral charge of the court, will not be considered, except in connection with the whole charge on the subject.

The charges of the court on the question of self-defense and reasonable doubt were clear, and, so far as can be seen from this record, free from any undue emphasis upon any of the material ingredients necessary to make out the plea.

[3] There was no evidence in this case which would have warranted the jury in returning a verdict of manslaughter in the second degree, and hence the court properly refused to charge on that degree of homicide.

[4] The principles of law involved in refused charge 5 were amply covered by charges 4 and 6, given in writing at the request of defendant.

[5] Charge 14 is an argument.

18 ALA.APP.—36

[6] Charge 15 was invasive of the province of the jury, and was properly refused.

[7] That part of the witness Minnie Johnson's testimony which was irrelevant was ruled out on the objection of defendant, but as to what the defendant said and did to her just inside the church door, and what she said to her father immediately after defendant had caught witness and made an improper proposal to her, her father being then and there present and the difficulty immediately began, was a part of the res gestæ, and was relevant. Windom v. State (7 Div. 770) 93 South. 79; [1] Jordan v. State, 81 Ala. 20, 1 South. 577.

[8] As to whether deceased had been selling whisky that day at his house to various parties who had come there to buy was immaterial. The killing took place at the church, and away from the house of deceased, and, even if deceased had sold whisky at his house to all the parties who went there, that fact would in no way tend to excuse the defendant from the charge of murder.

[9, 10] The court properly excluded the testimony of the witness Hollingsworth that defendant went to the house of deceased on the day of the killing to meet one Joe Smith, for three reasons, if no more: (1) The testimony was based on the statement of defendant at a time when Joe Smith was not present, and was the merest hearsay; (2) the difficulty resulting in the killing did not occur at the house of deceased, but at the church or schoolhouse, some 250 yards away; (3) if the purpose of defendant in going was to meet Joe Smith at the house of deceased during that day, the day was gone and night had fallen. Moreover, the defendant testified to these facts while he was being examined as a witness without objection, and, not being disputed, he received the full benefit of the evidence on this point.

[11] What words were passed between defendant and deceased at another time and place were clearly irrelevant. The other rulings of the court on the admission of testimony were clearly free from error.

[12] The court did not abuse his discretion or deprive defendant of any constitutional right, by placing a limit of 45 minutes on defendant's counsel in making his argument to the jury, at least it does not so appear from the record.

[13] Nor do we think the remark of the deputy solicitor, to which exception was taken, is sufficient to justify a reversal of this judgment.

We find no error in the record, and the judgment is affirmed.

Affirmed.

[1] Ante, p. 430.