(106 So. 697)

## HUMPHRIES v. STATE.    (6 Div. 861.)

(Court of Appeals of Alabama.   Dec. 15, 1925.)

1. **Criminal law ⟨⟩364(2)—Defendant's statements in presence of deceased held relevant as res gestæ.**

In prosecution for assault to murder, statements made by defendant in presence of deceased prior to, and which caused, difficulty were relevant as part of res gestæ.

2. **Homicide ⟨⟩180—Evidence that defendant appeared to have been drinking held properly admitted.**

In prosecution for assault to murder, evidence that defendant appeared to have been drinking *held* properly admitted.

3. **Criminal law ⟨⟩1036(1), 1044—Admission of evidence not reversible error, where question not objected to, and motion to exclude answer came too late.**

Error could not be predicated on admission of evidence that defendant appeared to have been drinking prior to assault, where question was not objected to, and motion to exclude answer came too late.

4. **Criminal law ⟨⟩829(1)—Refusal of defendant's requested charges, covered by other charges, held not error.**

Refusal of defendant's requested charges *held* not error, where principles of law contained therein were fully and fairly given to jury in other charges given at defendant's request, or in court's oral charge.

Appeal from Circuit Court, Jefferson County; W. E. Fort, Judge.

G. C. Humphries was convicted of assault to murder, and he appeals. Affirmed.

R. D. Coffman, of Birmingham, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Statements made by the defendant in the presence of the deceased, just prior to the difficulty, were admissible as part of the res gestæ.  Stovall v. State, 18 Ala. App. 559, 93 So. 275; Blair v. State, 211 Ala. 53, 99 So. 314; Johnson v. State, 15 Ala. App. 194, 72 So. 766. Where no objection is made to a question, a motion to exclude comes too late. Swain v. State, 8 Ala. App. 26, 62 So. 446.

RICE, J. Appellant was convicted of the offense of assault with intent to murder one Louis Canterberry, and given a sentence of from 5 to 10 years in the penitentiary.

[1] The statements made by defendant in the presence of the deceased just prior to the difficulty, and which statements caused the said difficulty, were relevant as a part of the res gestæ. Stovall v. State, 18 Ala. App. 559, 93 So. 275.

[2, 3] There was no error in refusing to exclude the statement that the defendant appeared to have been drinking. Swain v. State, 8 Ala. App. 26, 62 So. 446. Anyhow, the question was not objected to, and the motion to exclude the answer came too late.

[4] The several written charges refused to defendant have each been examined, and we find that in each instance the principle of law contained in the charge was fully and fairly given to the jury in some one or other of the many written charges given at defendant's request, or in the very full, fair, and accurate oral charge of the court.

There is no prejudicial error anywhere apparent, and the judgment is affirmed.

Affirmed.