(133 So. 749)

## DONALD v. STATE.
### 8 Div. 250.

Court of Appeals of Alabama.
April 7, 1931.

S. H. Richardson, of Huntsville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

**RICE, J.**

Appellant was convicted of the offense of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the penitentiary for the term of seven years.

It was shown that he shot and killed one Ed Simmins. There were present, at the time of the shooting, besides deceased and appellant, one Buck Miller, and no others.

We quote a portion of the testimony of appellant, given by himself as a witness, to wit: "Ed told me to put water in the radiator. I told him I wouldn't put any more in; that I had been putting water in ever since we left, and he told me that he would cut my damned throat if I didn't. He got out of the car and I got out on this side, and then when he got out of the car he started on me. I told him to go back, and he wouldn't and he was coming on me and I took and shot him twice. I told Buck to let's put him in the car and carry him to a doctor. When I first shot, he was right at me. I had to dodge the lick. It was dark and raining and muddy, and there was a ditch there, and I knowed if I fell in that ditch he had plenty of chance to kill me. I just shot to save my life. My back was to the ditch, right at the edge of the road; there was weeds there on the ditch. I was trying to save myself, he was 6 or 8 feet from me when I shot."

Also, a portion of testimony of Buck Miller, to wit: "Frank said he wasn't going to put no more water in the car, and Ed began talking about going to cut his God damned throat and started towards him with a knife. I was on the front seat and we all got out of the car. Frank said he wasn't going to put no water in the car and Ed started to him with a knife and Frank shot him."

Appellant requested, in writing, charge 4, which was in the following language: "If the deceased made a sudden, unprovoked, murderous attack upon the defendant, the deceased at the time being armed with a deadly weapon, and in the act of effecting upon the defendant his murderous purpose, and after considering all the evidence in the cause you find this to be true, then I charge you that the defendant was under no duty to retreat, but had the right to stand his ground and to kill his assailant."

This charge, which is an exact copy of charge "4" dealt with in the opinion in the case of Walker v. State, 220 Ala. 544, 126 So. 848, was refused.

In view of the tendencies of the testimony in this case, as indicated by the above-quoted portions of same, and for the reasons given by Mr. Justice Brown in the opinion which he wrote for the Supreme Court in the case of Walker v. State,' supra, and because the substance of same was not given to the jury, otherwise, we must, and do hold that the refusal to give appellant's written requested charge 4 in this case was error for which the judgment of conviction will be, and is, reversed.

No other questions, worthy of mention, are apparent.

Reversed and remanded.