142 So. 779
**LEWIS v. STATE.**

3 Div. 709.

Court of Appeals of Alabama.
June 21, 1932.

Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of manslaughter in the first degree.

In the first instance, at least, it was for the jury to say whether circumstances made it necessary for defendant (appellant) to take the life of deceased to save his own, or to save his person from serious bodily harm, or whether a reasonable belief as to such necessity existed, although the evidence of the state did not contradict the testimony of the defendant, and although defendant was free from fault in bringing on the difficulty. Olive v. State, 8 Ala. App. 178, 63 So. 36.

The contents of the last preceding paragraph may be denominated a general principle of law, but which serves to demonstrate that the trial court did not err in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor.

As was pointed out, of a similar charge, by Judge Samford, for this court, in the case of Holland v. State, 24 Ala. App. 199, 132 So. 601, 604, appellant's written requested charge 12 was properly refused as for its "ignoring the doctrine of 'freedom from fault and retreat.'"

Appellant's written requested charge 10 should have been given to the jury. It is substantially the same as appellant's written requested charge 4 in the case of Walker v. State, 220 Ala. 544, 126 So. 848. And in that Walker Case, the Supreme Court held it reversible error to refuse the said charge 4, under circumstances not variant in legal bearings, etc., from those present in the instant case.

We followed, naturally (Code 1923, § 7318), the ruling mentioned, of the Supreme Court in the said Walker Case, in our case of Donald v. State, 24 Ala. App. 251, 133 So. 749, a case where the circumstances calling for the giving of an exactly (substantially) similar charge are, we think, indistinguishable, in legal effect, etc., from those in the instant case.

The other rulings apparent will not, we believe, occur upon another trial, and we will not consider them.

But for the error in refusing appellant's written requested charge 10, the judgment is reversed, and the cause remanded.

Reversed and remanded.