16 So.2d 335

## MILLER v. STATE.

### 4 Div. 799.

Court of Appeals of Alabama.
Jan. 18, 1944.

M. I. Jackson, of Clayton, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Furman Smith, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Huey Miller killed Mitchell Jackson by stabbing him with a knife. He was indicted, tried, and convicted of manslaughter in the first degree. Punishment was assessed at one year's imprisonment in the penitentiary. The only exceptions appearing relate to the refusal of the trial court to direct a verdict for the defendant and, later, to grant his motion for a new trial.

■ .The undisputed evidence was that defendant struck the fatal blow when deceased was assaulting him with a stick. The defendant, in order to avoid trouble, had left the crap game in which the two were engaged and was retiring from the scene, when deceased followed him and sought to continue the trouble. All of this showed a desire of defendant to shun the difficulty and has the sympathy of this court. It might properly call for consideration of clemency by the State parole authorities. It does not, however, warrant a reversal of the judgment upon appeal.

■ The defendant sought to justify his conduct on the ground of self-defense. The lucid oral charge of the trial judge fully and correctly exposited the law in this regard, viz., "In the first place, the man who killed another and undertakes to justify himself in having done it must be absolutely free from fault in bringing on the difficulty. * * *. In the second place, at the very time he strikes, * * * he must be in imminent danger (real or apparent) either of losing his life * * * or of suffering grave and serious bodily

harm. \* \* \* In the next place, the third element of self-defense is what we call the doctrine of retreat. The law says that before I may stand my ground and kill a man, I must absolutely get out of the way, so long as the open way presents itself, if there is a reasonably safe mode of escape or if I can escape without increasing my peril or enhancing the danger to my life or limb. The law says take the open road and escape before you kill."

■ These issues were very properly submitted to the jury for determination. The uncontroverted evidence does undoubtedly reflect, as a matter of law, that the defendant was in danger of suffering serious bodily harm when he struck deceased, but the other elements of self-defense were not so precisely or positively established as to preclude determination thereof by the jury. Whether or not, when he drew his knife in advance of the difficulty, the defendant was free from all fault in provoking it, and also whether, when he was attacked by deceased, he could have "taken the open road and escaped" without increasing his peril, were, under the evidence, questions sufficiently in doubt to necessitate submission thereof to the jury for decision. The request for a directed verdict was therefore correctly refused.

■ Nor can we say that the evidence was so preponderantly against the verdict as to justify a reversal for the refusal to grant a new trial. As often said, and applicable here, the trial court, who saw and heard the witnesses testify, was better advantaged than we to appraise the correctness of the jury's conclusions in a doubtful case, as this.

No other questions being presented, the judgment is affirmed.

Affirmed.