28 So.2d 174

## DENSON v. STATE.

### 4 Div. 969.

Court of Appeals of Alabama.
Nov. 26, 1946.

A. L. Patterson, of Phenix City, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was tried in the court below on an indictment charging murder in the first degree, and he was convicted of manslaughter in the first degree.

■ When the State had introduced its evidence in chief and rested, appellant's counsel made a motion to exclude all the testimony "on the ground that the State hasn't given sufficient evidence to convict this man of any offense in the purview of this indictment." This is a permissible practice in criminal cases. Robinson v. State, 222 Ala. 541, 133 So. 578; Wallace v. State, 16 Ala.App. 85, 75 So. 633; Terry v. State, 29 Ala.App. 340, 197 So. 44.

■ When this insistence was made, the State had presented testimony that the defendant was seen attempting to aid the deceased to stand on her feet and when he failed in the effort he left the scene. Two police officers had testified that they came promptly in response to a call and found the deceased lying unconscious, on her back, in a puddle of blood which was continuing to flow from a stab wound in her chest. The officers forthwith located the defendant, and he admitted at the time of the apprehension that he had stabbed the deceased. There was evidence offered also that the woman died two days subsequently to the time the injury was inflicted. We are clear to the conclusion that this afforded sufficient evidential basis to justify the trial court in denying the motion to discharge the defendant. Layfield v. State, 27 Ala. App. 437, 173 So. 654; Slaughter v. State, 21 Ala.App. 211, 106 So. 891.

The defendant testified in his own behalf and admitted on the trial that he inflicted the stab wounds in the breast of the deceased. He claimed that it was necessary to do so to protect himself from serious bodily harm. There was no other witness who testified that he or she saw the affray at the time of the infliction of the wound. However, from the defendant's delineation of the occurrence, the jury was authorized to find that the extreme measures employed were not necessary for appellant's safety. This is made more evident by his statement that he stabbed the deceased with her own knife after he had dispossessed her of it, and at a time when she was without a weapon of any kind.

■ In any event, a question on this factual issue was posed for the determination of the jury, and the affirmative charge in appellant's behalf was refused without error.

What this court observed in Olive v. State, 8 Ala.App. 178, 63 So. 36, 37, is appropriate to restate here:

"Neither did the court err in refusing the affirmative charge requested by defendant; for even assuming, contrary to the truth, that inferences from the facts proved by the state did not at all contradict defendant's version of the difficulty—he being the only eyewitness as to how it happened and took place—and even assuming that he was free from fault in bringing on the difficulty, as he swore, and that he fired only under the conditions and circumstances testified to by him, it was still for the jury to say whether these conditions and circumstances were such as to create the necessity of taking the life of deceased in order for him (defendant) to save his own life, or his person from serious bodily harm, or a reasonable belief that such necessity existed. De Arman v. State, 71 Ala. 351."

See also, Blue v. State, 246 Ala. 73, 19 So.2d 11; Brown v. State, 21 Ala.App. 611, 110 So. 694; Taylor v. State, 31 Ala.App. 590, 20 So.2d 239.

No questions are raised for review to the introduction of the testimony. The general affirmative charge for the defendant constitutes the only refused written instruction.

■ What we have said above, without further comment, will serve the purpose to confirm our view that the motion for new trial was properly overruled. Booth v. State, 247 Ala. 600, 25 So.2d 427; Free-

man v. State, 30 Ala.App. 99, 1 So.2d 917; Peterson v. State, ante, p. 439, 27 So.2d 27.

We find no error in the record, and it is therefore ordered that the judgment of the primary court be affirmed.

Affirmed.