44 So.2d 773

### WEAVER v. STATE.

6 Div. 850.

Court of Appeals of Alabama.
Jan. 17, 1950.

Rehearing Denied Feb. 7, 1950.

Morel Montgomery, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

CARR, Judge.

Without dispute in the evidence John Norton Weaver, the appellant, killed Ersal R. Hall by shooting him three times with a pistol.

For the homicide the accused was indicted for murder in the first degree and was convicted of manslaughter in the first degree.

The defendant claimed self defense.

In brief the appellant's counsel urges that the general affirmative charge should have been given in his client's behalf. There is very little conflict in the evidence, and it appears reasonably certain that Hall brought on the fatal difficulty. However, he was unarmed and this fact, together with all the circumstances in connection with the affray, required that the other elements of the doctrine of self defense be submitted to the jury.

In the case of Olive v. State, 8 Ala.App. 178, 63 So. 36, 37, this court held: "Neither did the court err in refusing the affirmative charge requested by defendant; for even assuming, contrary to the truth, that inferences from the facts proved by the state did not at all contradict defendant's version of the difficulty—he being the only eyewitness as to how it happened and took place—and even assuming that he was free from fault in bringing on the difficulty, as he swore, and that he fired only under the conditions and circumstances testified to by him, it was still for the jury to say whether these conditions and circumstances

were such as to create the necessity of taking the life of deceased in order for him (defendant) to save his own life, or his person from serious bodily harm, or a reasonable belief that such necessity existed."

See also, Miller v. State. 31 Ala.App. 319, 16 So.2d 335; Denson v. State, 32 Ala. App. 554, 28 So.2d 174; Lewis v. State, 25 Ala.App. 188, 142 So. 779; Cooley v. State, 233 Ala. 407, 171 So. 725.

It is very evident that excessive consumption of whisky was the prime cause of the homicide. In respect to extreme intoxication it seems that the deceased was the more culpable.

 Attorney for appellant in brief complains that the trial judge in his oral charge erroneously defined manslaughter in the first degree. In connection with this insistence counsel makes this statement: "The record shows no such exception but this being such a glaring error of law is it necessary when the court supposedly well versed in the law so charge a jury concerning manslaughter as is stated in his charge in this cause. Is an assignment of error or exception necessary? Is it not such a glaring error of law that the court here, this court of Appeals ex mero motu would not itself take judicial notice that the charge of the law was incorrect and such affirmative charge requested in writing is sufficient exception and should have been given?"

In the absence of exceptions duly reserved, we are not authorized to review the legal accuracy of any statement contained in the court's oral charge. Reeder v. State, 210 Ala. 114, 97 So. 73; Montgomery v. State, 204 Ala. 389, 85 So. 785; Williamson v. State, 28 Ala.App. 92, 179 So. 398; Tucker v. State, 202 Ala. 5, 79 So. 303.

 Exceptions were reserved to a portion of the oral charge in which the court instructed with reference to malice as it is applied to murder in the first and second degree. The verdict of the jury rendered this element of no effect. If we should concede that there was error in this respect, the accused could not have been injured in his substantial rights. Mitchell v. State, 133 Ala. 65, 32 So. 132; Harrison v. State, 144 Ala. 20, 40 So. 568; Thompson v. State, 131 Ala. 18, 31 So. 725; Morris v. State, 146 Ala. 66, 41 So. 274; Stovall v. State, 18 Ala.App. 559, 93 So. 275.

 At the time the appellant shot the deceased the former was seated in his automobile. In this state of the undisputed evidence, counsel cogently urges that written charge MM should have been given. The occupant of his automobile, by reason of this fact solely, is not relieved of the duty to retreat as that element is applied to the doctrine of self defense. Our courts have not extended the rule to apply to automobiles or other vehicles. Clark v. State, 216 Ala. 7, 111 So. 227; King v. State, 19 Ala.App. 153, 96 So. 636.

We have responded to all questions presented by the record that merit any comment.

The judgment of the lower court is ordered affirmed.

Affirmed.