70 So.2d 543

**JONES v. STATE.**

**7 Div. 279.**

Court of Appeals of Alabama.

Feb. 9, 1954.

Love & Hines, Talladega, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Owen Bridges, of counsel, for the State.

468

HARWOOD, Judge.

Trial on an indictment charging murder in the first degree resulted in this appellant's conviction of murder in the second degree.

The undisputed facts show that this appellant, along with several other men, was engaged in a game of craps. The game was being conducted in the home of Willie Mae Hurd.

The appellant and deceased got into an argument over appellant's method of participation in the game, the argument eventually resulting in the deceased knocking appellant down and "stomping" him in the face.

The appellant left Willie Mae's house, went to his home and procured his shotgun. Being thus armed he returned to Willie Mae's house.

After knocking he was admitted by Willie Mae, who, observing his state of preparedness, attempted to restrain him at the door.

During this engagement all of the participants, including the deceased, left Willie Mae's house by any exit that was handy.

The deceased was observed by appellant fleeing through a rear door. The appellant then left through the same door he had entered. He met the deceased running around the house. Appellant and deceased grappled for the gun the appellant was carrying, and being unsuccessful in his efforts to get the gun from the appellant the deceased fled further into the yard. When he was 25 or 30 feet away he stopped and leaned over into a stooping position with his left arm extended toward the ground. At this moment the appellant fired the gun,

inflicting a head wound, from which deceased died in a few moments.

No weapon was found upon or near deceased's body, his pockets yielding only a nail clip.

While the record in this case is voluminous, it was tried with exceeding care and the trial court was zealous in its rulings protecting the rights of the appellant. Indeed, the only error argued in brief for appellant relates to the action of the trial court in sustaining the State's objections to questions directed toward eliciting evidence as to the reputation of the deceased as being dangerous and turbulent, and in refusing certain charges requested by the appellant in reference to self-defense.

The same legal principle growing out of the absence of any evidence tending to show self-defense governs each ruling, and demonstrates the correctness of the rulings in each instance.

Where, as in this case, an accused, after an altercation, leaves the scene of the encounter and goes to his home and arms himself, then returns to the scene of the difficulty and seeks a renewal of difficulties with his adversary, such an accused is in no position to claim self-defense. Even if he encounters peril upon his return he is the architect of such peril, and being so, is estopped from setting it up.

As a corollary to the above principle is the doctrine that there must be some evidence tending to establish self-defense before evidence of the violent or bloodthirsty nature of a deceased may be introduced. Matkins v. State, 89 Ala. 82, 8 So. 134; Dunn v. State, 143 Ala. 67, 39 So. 147; Sanders v. State, 242 Ala. 532, 7 So. 2d 483; Byrd v. State, 257 Ala. 100, 57 So.2d 388. This for the reason that bad character, without other justification, furnishes no excuse for extra legal executions.

The court therefore, in the absence of any evidence properly tending to establish self-defense, correctly sustained the State's objections to the questions seeking

to show the deceased's reputation for turbulence. Likewise, in the absence of any evidence of self-defense the charges dealing with such defense were abstract.

Affirmed.