92 So.2d· 7

**Rick CONLEY**

v.

**STATE.**

**7 Div. 356.**

Court of Appeals of Alabama.

August 14, 1956.

Rehearing Denied Nov. 20, 1956.

Merrill, Merrill, Vardaman & Matthews, Anniston, for appellant.

John Patterson, Atty. Gen., and Robert Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charged murder in the first degree. Defendant was convicted of manslaughter in the first degree and was sentenced to the penitentiary for a term of five years.

The evidence tends to show that appellant and his wife were separated. Appellant and three of his children lived at Hobson City. His wife, the remaining children, and a married daughter and her husband, lived in a house owned by appellant. There was evidence that deceased had been living with appellant's wife.

It is undisputed that appellant and McBride, the deceased, had a difficulty at a cafe or dance hall in which deceased threatened to kill defendant and ran him away with a knife and rifle. This incident took place about ten or ten-thirty p. m.

According to appellant's own testimony he took a 12 gauge shotgun from his truck and walked across the fields and woods to the house where his wife was living. He knocked at the back door and his wife asked who was there. The defendant testified: "I said 'Rick, open the door' and she got up and come and opened the door and I walked in and I asked her then 'Is McBride here?' and she said 'no,' and I said 'you let me see for myself,' so I went in all the rooms in there and looked in the closet and I come back and looked under the bed and he wasn't there, so I says to her then, I said, 'listen, I'm tired of you going with McBride, if you want him, let McBride get you a house and put you in it.' "

Appellant left the house by the back door. Appellant stated that as he approached the front of the house, he discovered someone coming toward him. Upon asking who it was, appellant said deceased shot twice and uttered an oath. Thereupon appellant fired his shotgun, killing the deceased.

The only material conflict in the evidence is the order in which the shots were fired. The testimony for the State was to the effect that the shotgun, carried by defendant, was fired first, and then the rifle, found clutched in deceased's hand. Appellant testified deceased fired the first shot.

It is contended in brief that by reason of the manner in which the homicide occurred the defendant was entitled to have given to the jury the following charges requested by him in writing:

"Charge A. I charge you Gentlemen of the Jury that if the deceased made a sudden unprovoked, murderous attack upon the defendant, the deceased at the time being armed with a deadly weapon, and in the act of effectuating upon the defendant his murderous purpose, and after considering all the evidence in the case you find this to be true, then I charge you the defendant was under no duty to retreat but had the right to stand his ground and kill his assailant.

"Charge C. I charge you gentlemen of the Jury that if you believe from the evidence in this case that the deceased made a sudden unprovoked, murderous attack upon the defendant, the deceased at the time being armed with a deadly weapon, and in the act of effecting upon the defendant his murderous purpose, and after considering all the evidence in this case you find this to be true, then I charge you, the defendant was under no duty to retreat but had the right to stand his ground and to kill his assailant."

In support of his contention counsel cites the following cases: Walker v. State, 220 Ala. 544, 126 So. 848; Donald v. State, 24 Ala.App. 251, 133 So. 749; Lewis v. State, 25 Ala.App. 188, 142 So. 779; Chaney v. State, 29 Ala.App. 225, 194 So. 700; Johnson v. State, 257 Ala. 644, 60 So.2d 818.

These and similar charges have been held to assert correct propositions of law in the character of cases cited by appellant, however, in different factual situations their

refusal has been held proper. Scruggs v. State, 224 Ala. 328, 140 So. 405.

■ It is a fundamental legal principle that where, as here, an accused, after an altercation, leaves the scene of the encounter and obtains a gun and seeks a renewal of the difficulty with his adversary, such an accused cannot invoke the doctrine of self defense. Jones v. State, 37 Ala.App. 467, 70 So.2d 543; Mancill v. State, 16 Ala.App. 113, 75 So. 705.

The defendant's own evidence shows that he was not free from fault but that he was pursuing the deceased when he encountered the peril he relies on as the necessity for killing him, therefore, said charges were properly refused.

■ Defendant also urges that he was under no duty to retreat from his dwelling or curtilage to avoid killing his assailant and that there was error in this portion of the court's oral charge, to which an exception was reserved: "If there is any reasonable mode of escape open to one where he can decline the combat and leave the difficulty without increasing his danger, or peril, the law says that the duty is on him to do that, and if he doesn't do that, then he is not entitled to claim the benefit under the doctrine of self defense."

■ The defendant did not live in the house and he was not there by invitation. Moreover, under the undisputed evidence, as set out above, the defendant was not free from fault in bringing on the difficulty. The rule that a person need not retreat or seek to escape, even though he can do so without increasing his peril, but may lawfully resist even to the extent of taking life if necessary, where he is assaulted in his own dwelling house or within the curtilage thereof, "is predicated on the absence of aggression or fault on his part in bringing on the difficulty." 40 C. J. S., Homicide, § 130(c), and has no application in view of the evidence as stated above. There was no error in the court's charge of which the defendant can complain.

Other charges requested by defendant were properly refused for the reasons indicated or were substantially covered by the court's charge or charges given at defendant's request.

There being no error in the record, the judgment of the trial court is affirmed.

Affirmed.