## Friddle *v.* Braun.

### *Assumpsit.*

(Decided February 14, 1913. 61 South. 59.)

1. *Pleading; Joinder of Causes; Counts.*—Separate causes of action may be joined in the same complaint, but not in the same count.

2. *Contracts; Breach; Plea; Sufficiency.*—A plea to a count for a breach of contract which merely set up a new contract covering part of the matters under which breaches were claimed and which did not plead a waiver of such breaches, was demurrable.

3. *Same; Corporation; Sale; Stock.*—In a suit for breach of contract under which plaintiff bought stock in a business corporation on representations as to the value of the assets, a count claiming for defective conditions of certain machinery is bad where it neither avers a false or fraudulent misrepresentation or concealment as to such condition.

4. *Money Had and Received; Pleas; Sufficiency.*—A plea that defendant owed nothing except a tendered amount under a contract set out in the plea, was good as a defense to a count for money had and received.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by James A. Friddle against Louis Braun. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

[Friddle v. Braun.]

Count 6 is as follows: "Plaintiff claims of defendant, to wit, $3,000, for the breach of a contract made on, to wit, the 14th day of September, 1910, which contract is set out in the first count of this complaint, and is referred to therein and made a part of this count, the same as if fully set out in this count. And plaintiff avers that he did purchase from defendant the 92 shares of capital stock of the City Paper Company, as he promised to do in said contract and upon the terms therein named, and that plaintiff paid to and settled with the defendant for the said 92 shares of the capital stock of the City Paper Company, in the manner provided for in said contract, but the defendant failed to, and refused to, comply with all of his part of said contract in this: The defendant failed to make an inventory of all the assets of the City Paper Company at the actual cost of the goods contained and named therein to the City Paper Company; that the price or cost of a large amount of the goods set out in said inventory were greatly in excess of what said stock of goods cost the City Paper Company, to wit, in the sum of $3,000; that there were many errors made by defendant in his calculations in the said inventory, and which amounted to, to wit, $1,000 in excess of what the net amount of said assets should have been when properly calculated; that many errors were made thus: Including certain accounts, types, and other alleged assets of the City Paper Company which were not correct, and were not assets of the said City Paper Company to a large amount, to wit, several thousand dollars, in excess of what they should have been; that defendant gave credit or discount to certain persons who owed accounts to the City Paper Company which credits did not appear on said accounts on the books of the said City Paper Company, and which greatly reduced the said net as-

sets of the said City Paper Company, and said accounts were included in said inventory as assets of the City Paper Company, without the credits given the various debtors, all of which greatly reduced the assets of said City Paper Company, to wit, $3,000; that said defendant included in said inventory a certain paper cutter at the value of $2,000; that said paper cutter was not of such value as was placed on it in the inventory; that said paper cutter, previous to the day that plaintiff contracted to purchase said shares of stock, became greatly damaged and broken, and contained hidden defects of which plaintiff did not know, and could not know on account of said defects being concealed or not easily observed; that the defendant at the time said contract was made, and at the time said paper cutter was included in said inventory, knew of the defects in said cutter, but withheld them and concealed the fact that said paper cutter had been greatly injured; that said paper cutter did not exceed in value the sum of, to wit, $200, for that it could not and would not perform the work for which it was made and intended, to wit, the cutting of large quantities of paper. And plaintiffs aver that there were many and various other defects, mistakes, errors, and misrepresentations made by defendant not hereinbefore mentioned or specified, but all of which tended to, and did, decrease the net assets of the City Paper Company, which proximately resulted in decreasing the real value of each of the 92 shares of stock, which the plaintiff purchased from the defendant, and which decrease in the value of said shares of stock resulted in the plaintiff being damaged in the sum of $3,000."

Count 2 sets out the fact that defendant made an account or inventory of everything contained in the store of the City Paper Company, but did not make a correct

inventory, and did not make said inventory as agreed to in the contract, in that the stock of merchandise was not all taken at the cost of the same to the paper company, but in many instances a large amount of said stock, merchandise, etc., was set down in said inventory at a price greatly in excess of what such goods cost; that many errors in addition and in other calculations were made by the defendant, and in many cases proper discounts were not allowed; that there was money in the bank belonging to said assets constituting a part of the sum total of said assets, and that defendant drew checks on said bank account and drew out large sums of money, and other matters as alleged in count 6.

Count 5 claims the sum of $3,000, and sets out the contract of sale, and avers that the defendant represented to the plaintiff, that the net assets of the stock of the City Paper Company, including machinery, merchandise, etc., aggregated $40,473.46, when in fact and in truth they amounted only to $35,000, and that plaintiff, relying upon said representation so made at the time by the defendant, paid the sum of $215.28 per share for the 92 shares of the capital stock of the company, and on account of said representations, which were false and were made by the defendant at the time, plaintiff has suffered great loss, to wit, $3,000.

Count 7 claims damages for deceit in the sale of the paper cutter, as alleged in count 6, and avers that among the assets of the company, 92 shares of the capital stock of which plaintiff purchased of defendant, was a certain paper cutter, which was placed upon and included in the inventory made by the defendant at a price of $2,000, and that said $2,000 was a part of the total assets of said company, as represented by defendant to plaintiff, and plaintiff says that at the time of said contract, and at the time of said sale, the paper

cutter was damaged and had been damaged previously thereto, which damage defendant knew of at the time of the sale.

The plea referred to as appearing on page 24 of the record is as follows: "Filed to the second and fifth counts: that after the execution of the contract of said September 14, 1910, in said count mentioned, plaintiff elected to be present and assist in the taking of the inventory in the said contract provided for, and afterwards, to wit, during the months of September and October, 1910, said inventory was taken, and plaintiff was present during the making thereof, and afterwards, to wit, on October 19, 1910, plaintiff and defendant entered into a contract in writing with reference to said inventory, and any errors therein as follows: [The contract recites the sale and purchase of 92 shares of the stock of the City Paper Company, the total number being 188, upon a valuation of the assets of said corporation being $40,473.46, and for each of the shares an amount equal to 1/188th part of the sum above mentioned, and it was agreed that, if there were errors in calculations and additions in the inventory in arriving at the sum total of the price fixed in said inventory, then each agreed to make same good in favor of the other; that is to say, that if the total assets exceeded the sum mentioned, Friddle agreed to pay to Braun 92 1/80th parts of said excess over said sum, and if the inventory after verification was less than the sum named, Braun was to pay Friddle the same per cent. of the difference between the original sum named and the sum ascertained upon verification both agreeing to execute bond with sufficient surety in the sum of $500, as per the terms of the contract.] And defendant avers that any payments by plaintiff, as in the declaration mentioned, over and above the $1,000 referred to in said

[Friddle v. Braun.]

contract of September 14th, were made in accordance
with this latter contract of October 19, 1910."

THOMPSON & THOMPSON, for appellant. In 'an ac-
tion for deceit the measure of damages is the difference
between the value of the article as it had been represent-
ed, and its actual value as delivered.—2 Mechem on
Sales, sec. 1843 *Moncrief v. Wilkerson*, 93 Ala. 373-375;
*Jordan v. Prichett*, 78 Ala. 331; *Scott v. Holland*, 132
Ala. 389; *Brown v. Freeman*, 79 Ala. 409; *Tabor v.
Peters*, 74 Ala. 90; *Bailey v. Jordan*, 32 Ala. 50; *Mon-
roe v. Pritchett*, 16 Ala. 785; *Griel v. Lomax*, 89 Ala.
420; *Ball v. Farley*, 81 Ala. 288. The measure of dam-
ages for the breach of a contract for the purchase of per-
sonal property is whatever amount of injury the party
has actually sustained, which proximately resulted
from the breach of the same by the seller.—13 Cyc. pp.
155-6 D. A plea of tender in due form is a substantial
averment that the sum tendered and brought into court
is all that is due plaintiff and is in bar of the action
when proved and defeats any recovery.—*Gardner v.
Black*, 98 Ala. 638; *Hanson v. Todd*, 95 Ala. 328; *Syson
v. Hieronymus*, 127 Ala. 482. When a plaintiff in an
action where a plea of tender is filed proves more due
to him than tendered and brought into court, the plain-
tiff is entitled to recover both as to debt and costs.—
*Syson v. Hieronymus, supra; Gardner v. Black, supra;
Hanson v. Todd, supra; Frank v. Pickens*, 69 Ala. 369.
A plea of tender is not in bar to the whole of plaintiff's
demand as asserted in the complaint.—*Gardner v.
Black*, 98 Ala. 638; *Frank v. Pickens*, 69 Ala. 369.

HENRY UPSON SIMS, and R. E. NOLEN, for appellee.
Count 6 was subject to the demurrer.—*W. U. T. Co.
v. Garthright*, 151 Ala. 413; *Kinnon v. W. U. T. Co.*,

92 Ala. 399; *Dougherty v. Am. Union,* 75 Ala. 168. Fraud is never presumed but must be proved by the party asserting it.—*Thames v. Rembert,* 63 Ala. 561; *Allen ı. Ruddle,* 141 Ala. 627. In any event, the matters determined were by the court without a jury, and his conclusions will be deemed correct.—*Mower v. Shannon,* 59 South. 568.

ANDERSON, J.—In count 6, the plaintiff joined separate and independent actions, and this is forbidden, notwithstanding he might have set out each of them in the same complaint by separate and distinct counts. The trial court did not err in sustaining the defendant's demurrers to this count.—*H. A. R. R. v. Dusenberry,* 94 Ala. 413, 10 South. 274; *L. & N. R. R. Co. v. Cofer,* 110 Ala. 491, 18 South. 110.

Count 2, sets up a breach of contract, not only as to additions and calculations relating to the inventory, but charges that the inventory was incorrect upon many other grounds, yet the special plea thereto merely sets up a new agreement covering errors in calculation and addition as to the items appearing on said inventory. It does not include items improperly put on the inventory or improperly valued. Nor does it set up a waiver, on the part of the plaintiff, as to all breaches arising upon the contract sued upon, by the execution of the new contract set up in said special plea, or a merger. This plea, as found on page 24 of the record, was filed as to count 5 also; and, while it may be questionable as to whether or not the demurrer was specific enough to it as an answer to count 5, it was defective as to said count 5 as well as 2, and the demurrer to it, as addressed to count 2, should have been sustained.

Count 7 is manifestly bad. It neither avers a false or fraudulent misrepresentation of the condition of the

paper cutter, nor that defendant falsely or fraudulently concealed its defective condition. From aught that appears from the count, the condition of the paper cutter was known to the plaintiff when he made the trade.

Counts 3 and 4 are the common counts for money had and received, and the special plea thereto denies owing the plaintiff anything, except a certain sum due upon a contract therein set out, and tenders the amount admitted to be due. The trial court did not err in overruling the demurrer to this plea.

We find no reversible error in the rulings upon the evidence.

For the error pointed out, the judgment of the city court must be reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.