(96 South. 260)

## CLAYTON v. JORDAN.   (7 Div. 371.)

(Supreme Court of Alabama. April 26, 1923.)

**1. Pleading ⊕64(2)—Improper to include in one count liability as indorser of two distinct notes.**

The inclusion in a single count of defendant's liability as indorser of two distinct negotiable instruments is improper, since the transfer of the two notes created in the indorsee two causes of action.

**2. Appeal and error ⊕1170(3)—Overruling demurrer to action on two notes, though erroneous, not prejudicial where defendant admitted he owed them.**

A demurrer to a count pleading defendant's liability as indorser of two distinct negotiable instruments *held* improperly overruled, but, since defendant admitted the transfer of the instruments to plaintiff, as averred, and that he had not paid them, and since the testimony established that the payor had not paid the notes, and the only contention made was whether defendant's liability as indorser became fixed through effective notice to him of dishonor, as provided in Code 1907, §§ 5043, 5055, 5057, defendant was not prejudiced, under rule 45.

**3. Sales ⊕353(3)—Count held to sufficiently disclose sum claimed was due from buyer of automobile to seller.**

A count declaring upon an account for the balance due on an automobile sold by plaintiff to defendant, averring the amount to be due and unpaid, sufficiently disclosed that the sum claimed was due from defendant to plaintiff.

**4. Trial ⊕256(11)—Instruction held to properly state rule for mailing notice of dishonor of notes and its effect, though not received.**

In action against defendant as indorser of two notes, an instruction that, if the jury believe that plaintiff mailed notices to defendant the next day after maturity of the notes, put them in the post office properly addressed and stamped, then he can recover against defendant though the latter did not receive the letters, *held* to conform to Code 1907, § 5057; the omission to refer in terms to evidence before the jury not making the charge affirmatively faulty where defendant could have requested an explanatory instruction.

**5. Appeal and error ⊕1064(1)—Instruction authorizing recovery in general terms without taking set-off into account held not prejudicial where set-off was less than amount claimed.**

In an action on two counts, one based on defendant's liability as indorser of two notes, and count 2 on the balance owing for a car sold, an instruction authorizing a recovery for plaintiff if he gave the requisite notice of dishonor, as required by Code 1907, § 5057, but not defining the amount of the plaintiff's recovery, *held* not prejudicial error in not taking into account defendant's set-off to count 2 where the aggregate amount claimed in count 1 was in excess of the set-off, and plaintiff was entitled in any event, if the hypothesis of requisite notice was sustained, to recover some amount.

**6. Trial ⊕296(2)—Instruction as to care required of bailee of car held not prejudicial in view of oral charge stating rule.**

An instruction failing to state that the character of care of a bailee of a car should have been that which a reasonably prudent man would have taken *held* not prejudicial where the instruction as given required of the bailee "reasonable care" of the car, and the oral charge efficiently stated the rule.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action by L. C. Jordan against O. W. Clayton. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, section 6. Affirmed.

Charges A. and B., given at plaintiff's request, are as follows:

"A. I charge you that, if you believe that the plaintiff mailed notices to the defendant the next day after the maturity of the notes, put them in the post office properly addressed and stamped, then he can recover against the defendant, although defendant did not receive the letters.

"B. I charge you that, if Dr. Clayton turned the old car over to Jordan for the purpose of selling it if he could, then Jordan was under obligation to take reasonable care of it, and if he did so he would not be liable for anything taken off the car, but he would be entitled to give Dr. Clayton credit for whatever he got for insurance of the car when it was burned."

J. V. Curtis and C. A. Wolfes, both of Ft. Payne, for appellant.

Unless notice of dishonor is seasonably given to indorsers, they are released from liability. Long v. Gwin, 202 Ala. 358, 80 South. 440. Each note was a distinct cause of action, and should have been set forth in separate counts. So. Ry. v. McEntire, 169 Ala. 42, 53 South. 158. A count declaring in assumpsit is demurrable for failure to show the account was due from defendant to plaintiff. Dixie Ind. Co. v. Manly, 2 Ala. App. 365, 57 South. 49.

Isbell & Scott, of Ft. Payne, for appellee.

Charge A, given for plaintiff, was a correct statement of law. Acts 1909, p. 126. There was no misjoinder of causes. Code 1907, § 5328; Bird v. Daniel, 9 Ala. 302; Woodall v. People's Nat. Bank, 153 Ala. 576, 45 South. 194.

McCLELLAN, J.   [1, 2] The action was instituted by appellee against appellant. The complaint contains two counts. In the first count the plaintiff impleaded defendant as an indorser of two negotiable instruments of even date, promising to pay different sums on

different dates, executed by one Nix to defendant, and for value, before maturity, transferred by indorsement in blank by the defendant to the plaintiff. The demurrer complained of misjoinder of causes of action through the inclusion in a single count of defendant's liability as indorser of two distinct negotiable instruments. Such a transfer created in the indorsee an original cause of action. Sherrill v. Bank, 195 Ala. 175, 178, 70 South. 723. Capital City Ins. Co. v. Quinn, 73 Ala. 558, 560. The indorsement of these negotiable instruments invested the indorsee, contingently, with distinct causes of action that could not be properly joined in a single count. Friddle v. Braun, 180 Ala. 550, 61 South. 59. The demurrer was erroneously overruled; but, since the defendant admitted the transfer of the instruments to the plaintiff as averred in the complaint, and that he had not paid them; and since the undisputed testimony established the fact that the payor had not paid the notes, and, since the only matter contested, in this aspect of the case, was whether defendant's liability as indorser became fixed through seasonable, appropriate, effective notice to him of dishonor (Code, §§ 5043, 5055, 5057), no possible prejudice resulted to defendant from the erroneous overruling of his demurrer, taking the objection of misjoinder, and, hence, reversible error cannot be predicated of this action. Rule 45 (175 Ala. xxi, 61 South. ix).

[3] The second count was not defective. It declared upon an account "for the balance due on an automobile sold by the plaintiff to the defendant," which was averred to be due and unpaid. The count sufficiently disclosed that the sum claimed was due from defendant, the buyer, to the plaintiff, the seller.

[4, 5] Special instruction A, given at plaintiff's instance, conformed to the regulatory rule for the mailing of notice of dishonor prescribed by Code, § 5057. It was not error to give this instruction. While the charge did not in terms refer to the evidence before the jury, this omission did not render the instruction affirmatively faulty. If the defendant apprehended that the instruction was calculated to mislead the jury, he should have requested an explanatory instruction. This charge is also criticised for that it concluded in plaintiff's favor upon an hypothesis that took no account of the matter of set-off asserted in defendant's pleas 7 and 8, addressed to count 2 of the complaint, already mentioned. As appears, charge A did not assume to define the measure, the amount, plaintiff would, in the contingency stated in the charge, be entitled to recover. The aggregate amount represented by the notes was upwards of $540. The set-off asserted was to the amount of $137 and interest. The set-off pleaded was for less than the amount claimed (in count 1) of defendant as indorser of the notes. If the hypothesis of requisite notice of dishonor was sustained, plaintiff was, in any event, due to recover of defendant some amount; the set-off asserted being, in all events, less than the aggregate of the notes indorsed by defendant. The defendant was not prejudiced by the giving of charge A.

[6] In the oral charge the court fully instructed the jury on the subject treated in special charge B, given at plaintiff's instance. The phrasing of the oral charge contained the matter appellant contends was inadequately stated or omitted from special charge B, viz. that the care a bailee of the character described in charge B should have bestowed should have been that a reasonably prudent man would have taken. The charge might have been better framed in this aspect; but, since it required of the bailee "reasonable care" of the car, and since the oral charge efficiently stated the rule in that regard, it is manifest that the jury could not have been misled thereby, to defendant's prejudice.

Having disposed of all the assignments of error insisted upon in brief, finding them without merit, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.