60 So.2d 818

**JOHNSON v. STATE.**

6 Div. 387.

Supreme Court of Alabama.

Oct. 9, 1952.

David McKay Enslen, Fayette, for appellant.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen. and Chas. C. Carlton, Montgomery, of counsel, for the State.

GOODWYN, Justice.

Lewis Johnson was indicted for and convicted of murder in the second degree, and, as punishment therefor, was sentenced to imprisonment in the penitentiary for twenty-five years.

The tendency of the State's evidence was that the defendant made an unprovoked assault upon the deceased, Esau Wilson, by hitting him with his fist, thereby breaking the deceased's neck and causing his death. There was no dispute that defendant struck the deceased with his fist "about five times". The theory of the defense was that the deceased provoked the difficulty and was the aggressor; that he "kidded" the defendant about defendant's wife, and cursed him and came at him with an open knife; that nothing happened immediately prior to the difficulty to indicate that deceased would attack the defendant; that the attack was sudden and unprovoked; that the knife with which deceased was armed was a deadly weapon; and that he hit the deceased only in self-defense.

The defendant is not represented by counsel on this appeal, but was ably represented at the arraignment and trial by counsel appointed by the trial court. Accordingly, no brief has been filed on his behalf. But this is not essential to a consideration by this Court of an appeal by a defendant in a criminal case. Code 1940, Tit. 15, § 389; Hymes v. State, 209 Ala. 91, 92, 95 So. 383.

In discussing section 3258 of the Code of 1923, which is included in the Code of

1940 as section 389 of Title 15, Mr. Justice Brown, in the case of Wesson v. State, 238 Ala. 399, 191 So. 249, 250, stated as follows:

"It has been said that this statute, construed in pari materia with others embodied in said chapter, makes the right of appeal in criminal cases one of substance imposing on the court a duty to search the record for errors."

We have carefully examined the record and have searched for errors prejudicial to the defendant. Our conclusion is that the record is free of error, except as to the refusal to give defendant's requested charge A.

This charge and charge 4 approved in the case of Walker v. State, 220 Ala. 544, 548, 126 So. 848, 852, are identical. In holding the charge good in the Walker case, Mr. Justice Brown stated as follows:

"The doctrine asserted in this charge 4 is fully recognized in our decisions, the decisions of other jurisdictions, and by text-writers, and is firmly established as part of the law of self-defense. * * *

"Where the evidence is conflicting, and phases of it support the pertinent hypothesis, it becomes a question for the jury, and the authorities are uniform in holding that it is the right of the accused to have instructions given based on any material hypothesis which the evidence tends to establish."

This principle has been consistently approved by this Court. In the case of Alabama Produce Co. v. Smith, 224 Ala. 688, 690, 141 So. 674, 676, it was stated as follows:

" * * * And a party to the suit has the right to request instructions to the jury based on the hypothesis of evidence in his favor; thus the respective jury questions may be succinctly stated. Such charges are not objectionable when based on a partial view of the evidence, since the opposite party may request charges founded on a contrary material hypothesis

which the evidence tends to establish. * * * It is further established that a charge is not considered abstract when there is a tendency of evidence, 'however weak and inconclusive,' to support the hypothesis on which it is based * * *, and from which the jury can and are authorized to draw an inference supporting that hypothesis; an inference 'they believe to be reasonable.' "

In the case of Hays v. State, 225 Ala. 666, 145 So. 134, charge A, there refused to defendant, was the same as charge 4 in Walker v. State, supra, and the same as charge A now under consideration. Chief Justice Anderson, in writing the opinion for the Court in the Hays case, stated as follows:

"While the duty to retreat, generally speaking, is an essential element of self-defense, there is a well-recognized exception to the general rule, and that is, when a person is in actual or apparent imminent peril of losing his life, or of serious bodily harm from an assault by the deceased which was unprovoked and manifestly murderous in character, and deceased was then in the act of effectuating his murderous purpose by the use of a deadly weapon, the defendant is under no duty to retreat, but may stand his ground and defend himself.—Scruggs v. State, 224 Ala. 328, 140 So. 405; Walker v. State, 220 Ala. 544, 126 So. 848; Beasley v. State, 181 Ala. 28, 61 So. 259; Matthews v. State, 192 Ala. 1, 68 So. 334.

"While there was a conflict in the evidence, the defendant's proof showed that at the time the defendant fired the fatal shot the deceased was making an unprovoked effort to shoot him with a pistol, and, this being true, the trial court erred in refusing his requested charge A.

"This charge was not covered by the given charges or the oral charge of the trial court. Indeed, the excepted to portion of the oral charge indicated that the duty to retreat was placed

on this defendant whether or no, thus, in effect, ignoring his theory and proof connected with the homicide."

See, also, the case of Donald v. State, 24 Ala.App. 251, 133 So. 749, 750, where refusal to give the same charge worked a reversal. Judge Rice there said:

"This charge, which is an exact copy of charge '4' dealt with in the opinion in the case of Walker v. State, 220 Ala. 544, 126 So. 848, was refused.

"In view of the tendencies of the testimony in this case, as indicated by the above-quoted portions of same, and for the reasons given by Mr. Justice Brown in the opinion which he wrote for the Supreme Court in the case of Walker v. State, supra, and because the substance of same was not given to the jury, otherwise, we must, and do hold that the refusal to give appellant's written requested charge 4 in this case was error for which the judgment of conviction will be, and is, reversed."

This same charge was also approved in the case of Chaney v. State, 29 Ala.App. 225, 194 So. 700, in an opinion written by the then Judge, now Mr. Justice, Simpson.

Although the evidence in support of defendant's theory of self-defense came principally from him, there being no eyewitness to the difficulty, it remained for the jury to determine the credibility of his testimony. He was entitled, on his request, to have the law applicable to his theory of defense stated to the jury. This theory, hypothesized in refused charge A, was not covered in the court's oral charge. In these circumstances it is our view that error, injuriously affecting substantial rights of the defendant, was committed in refusing to give charge A. Accordingly, the judgment of conviction is due to be, and is, reversed.

The only question remaining which calls for consideration is whether there was error in refusing to give defendant's requested charge B. This charge is the same as charge 2 considered by this Court in the case of Hays v. State, supra. In that opinion the Court simply concluded "that charge 2, like charge A, should have been given." No further comment was there made concerning this charge. It is our view that charge B was refused without error for the reason that it "fails to base or hypothesize the jury's conclusion upon belief 'from the evidence'." Ex parte State ex rel. Attorney General (Bush v. State), 211 Ala. 1, 100 So. 312, 313; Walker v. State, 220 Ala. 544, 549, 126 So. 848; Smith v. State, 230 Ala. 18, 20, 158 So. 808.

It is the established rule in this State that it is not reversible error either to give or to refuse a charge which fails to hypothesize the jury's belief "as from the evidence". As stated by Mr. Justice Sayre in the Bush case, supra, 211 Ala. 1, 2, 100 So. 313:

"We have heretofore decided that trial courts may without error refuse such charges (Davis v. State, 188 Ala. 59, 66 So. 67, referred to in Edwards v. State, 205 Ala. 160, 87 So. 179), but reasons why error should not be predicated of the giving of such charges, when in other respects they state the law of the case correctly, were stated by Stone, C. J., in Hall v. Posey, 79 Ala. 84, and that decision has been consistently followed in subsequent cases. Mansfield v. Morgan, 140 Ala. 567, 37 So. 393; Davis v. Kornman, 141 Ala. 479, 37 So. 789; Duncan v. St. L[ouis] & San F[rancisco R. Co.], 152 Ala. [118] 133, 44 So. 418; State v. Brintle, 207 Ala. 500, 93 So. 429; Clayton v. Jordan, 209 Ala. 334, 96 So. 260. And there is no reason why this rule should not apply in criminal as in civil causes."

For a later case following Hall v. Posey, 79 Ala. 84, supra, and holding that the giving of such a charge is not reversible error, see Bahakel v. Great Southern Trucking Co., 249 Ala. 363, 31 So.2d 75.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER and SIMPSON, JJ., concur.