The facts of the case as found in the opinion of the Court of Criminal Appeals are as follows: On May 20, 1978, the petitioner approached Mr. Chris Gray and asked Mr. Gray to give him a ride somewhere for a dollar. Mr. Gray agreed but later changed his mind on the advice of a neighbor, Mrs. Graham, who told Mr. Gray not to take the petitioner anywhere in his car because petitioner was a drunk. When Mr. Gray told petitioner that he could not give him a ride, petitioner demanded the return of his dollar. Mr. Gray denied that the petitioner had given him a dollar, whereupon petitioner pointed a gun at Mr. Gray and renewed his demand. Mr. Gray opened his wallet, which contained about $30, and gave petitioner a dollar. Upon receipt of the dollar, petitioner left the premises. The petitioner was convicted on the charge of robbery in the Circuit Court of Tuscaloosa County on October 25, 1978. The Court of Criminal Appeals affirmed the judgment on June 26, 1979, and the application for rehearing was denied on July 17, 1979.
Judge Clark, writing for the Court of Criminal Appeals, upheld the trial court's refusal to instruct the jury that an "indictment for robbery also includes the lesser charge of an assault." Judge Clark agreed with the appellant that the evidence supported a charge on the lesser included offense of assault, but he held that the trial court's refusal to give the assault instruction was not error because the request for the additional instruction on assault had been made orally, rather than in writing.
 The record, as corrected, shows that the request for the particular charge was made orally. To place the trial court in error for its denial of the oral request would contravene the uniformly accepted rule that requests for instructions in addition to those given in the court's oral charge must be in writing.
McGee v. State [MS. p. 3, June 26, 1979] 383 So.2d 200, p. 202 (Ala.Crim.App. 1979).
Both parties agree that the refused instruction on the lesser included offense of assault was requested in writing. We may look at the record for a complete understanding of the questions treated when there is no dispute thereon. Hunter v.State, 295 Ala. 180, 325 So.2d 921 (1975); Life InsuranceCompany of Georgia v. Miller, 292 Ala. 525, 296 So.2d 900
(1974). The defendant's requested charge number one appearing on page 93 of the record reads as follows: "I charge you, members of the jury, that an indictment for robbery also includes the lesser charge of an assault."
The petitioner presented evidence that he believed the dollar he forcibly took from Mr. Gray belonged to him. That evidence entitled him to an instruction on the lesser included offense of assault, because if the jury believed that the petitioner lacked the specific felonious or larcenous intent to steal, he could not be found guilty of robbery but only of the lesser included offense of assault. The defendant has the right to request instructions based upon any material hypothesis which the evidence in his favor tends to establish. Johnson v. State,257 Ala. 644, 60 So.2d 818 (1952). In determining whether an instruction was supported by the evidence the question is not whether the Supreme Court or Court of Criminal Appeals believes the evidence, but simply whether such evidence was presented.Hunter v. State, supra; Giles v. State, 366 So.2d 351
(Ala.Cr.App. 1978). We hold that the trial court erred in refusing the defendant's requested instruction on the lesser included offense of assault and therefore reverse and remand. *Page 207 
Our resolution of the first issue presented by the appellant renders it unnecessary for us to address the other issues raised by this petition.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
BLOODWORTH, J., not sitting.