Petitioner, Francis Louise Stork, seeks review of the judgment of the Court of Criminal Appeals, 475 So.2d 622, which upheld the trial court's refusal to instruct the jury on the lesser included offense of third-degree assault.
The sole issue before this Court is whether a person who denies committing an offense with which he is charged is, nevertheless, entitled to a jury instruction on a lesser included offense supported by the evidence.
Petitioner was charged with assault in the first degree, and the trial court charged the jury on assault in the first andsecond degrees, but refused petitioner's request to charge on assault in the third degree. The jury found petitioner guilty of assault in the second degree and the court sentenced her to three years' imprisonment.
According to the Court of Criminal Appeals:
 "On the night of October 1, 1981, a fight ensued outside the Fisherman's Paradise Club in Bayou La Batre. The fight involved Darlene Barber and her husband, Louis, and this appellant and several of her friends. At some point during the fight, Darlene Barber was stabbed with a tire tool. Both Darlene Barber and her *Page 624 
husband testified the appellant was the person who stabbed Darlene Barber. The appellant denied stabbing Darlene Barber. Another defense witness testified that the appellant was not involved in the fight.
"I
 "The appellant claims she was entitled to a charge on the lesser included offense of assault in the third degree. This court has held that assault in the third degree is a lesser included offense of assault in the second degree. Wyatt v. State, 419 So.2d 277
(Ala.Crim.App.), cert. denied, 419 So.2d 277
(Ala. 1982).
 "However, an accused is not entitled to a charge on a lesser included offense when he or she denies committing the offense as did the appellant in this case. Wesley v. State, 424 So.2d 648
(Ala.Crim.App. 1982), cert. denied, 424 So.2d 648
(Ala. 1983); Williams v. State, 377 So.2d 634
(Ala.Crim.App), cert. denied, 377 So.2d 639
(Ala. 1979). From the evidence in this cause, the trial court was not obliged to charge on the lesser included offense as requested.
 "Therefore, the trial judge properly refused to charge the jury on the lesser included offense of assault in the third degree in this case." (Emphasis added.)
Petitioner cites Ex parte McGee, 383 So.2d 205 (Ala. 1980), which states:
 "The petitioner presented evidence that he believed the dollar he forcibly took from Mr. Gray belonged to him. That evidence entitled him to an instruction on the lesser included offense of assault, because if the jury believed that the petitioner lacked the specific felonious or larcenous intent to steal, he could not be found guilty of robbery but of the lesser included offense of assault. The defendant has the right to request instructions based upon any material hypothesis which the evidence in his favor tends to establish. Johnson v. State, 257 Ala. 644, 60 So.2d 818 (1952). In determining whether an instruction was supported by the evidence the question is not whether the Supreme Court or Court of Criminal Appeals believes the evidence, but simply whether such evidence was presented. Hunter v. State, [295 Ala. 180, 325 So.2d 921 (1975)]; Giles v. State, 366 So.2d 351 (Ala.Crim.App. 1978). We hold that the trial court erred in refusing the defendant's requested instruction on the lesser included offense of assault and therefore reverse and remand."
The Court of Criminal Appeals cited Wesley and Williams,supra, in support of its judgment that petitioner was not entitled to the requested instruction on assault in the third degree. Wesley, citing Williams as authority, states at424 So.2d 652:
 "`A defendant is likewise not entitled to charges on lesser included offenses when he denied committing the crime itself.' Williams v. State, 377 So.2d 634, 637 (Ala.Crim.App.), cert. denied, Ex parte Williams, 377 So.2d 639 (Ala. 1979)."
We hold that the Court of Criminal Appeals erred in its interpretation of Williams, supra. The correct principle applied in Williams was stated at 377 So.2d 634:
 "A defendant charged with robbery is not entitled to an instruction regarding the lesser included offense of larceny where the only reasonable conclusion from the evidence is that the defendant is guilty of robbery or no crime at all. Turner v. State, [356 So.2d 235, (Ala.Crim.App.), cert. denied, 356 So.2d 237 (Ala. 1978); Impson v. State, 331 So.2d 837 (Ala.Crim.App. 1976).]" (Emphasis added.)
Under Williams and McGee, "[t]he defendant has the right to request instructions based upon any material hypothesis which the evidence in his favor tends to establish." In this case, one view of the facts would be that petitioner was involved infighting with the victim, although she denied that she eitherfought with the victim or that she stabbed the victim. The evidence that she fought with the victim would justify a charge of the lesser included offense of third-degree assault, Code *Page 625 
1975, § 13A-6-22 (causing physical injury intentionally, recklessly, or with criminal negligence), under McGee, supra.
This Court in Ex parte Chavers, 361 So.2d 1106 (Ala. 1978), opined:
 "An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973). A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So.2d 279 (1965). In fact, our decisions are to the effect that every accused is entitled to have charges given which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility. Burns v. State, 229 Ala. 68, 155 So. 561
(1934)."
Because the Court of Criminal Appeals applied the incorrect principle of law on lesser included offenses, its judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.