The defendant was indicted and convicted for Robbery I. He was sentenced as a habitual offender to life without parole. Two issues are raised on appeal.
 I
The trial judge properly refused to instruct the jury on robbery in the second and third degrees as lesser included offenses of robbery in the first degree.
The State's evidence showed that the defendant and another robbed the Circle N grocery store on April 30, 1983. Each man was armed with a handgun. The defense was alibi. The State presented a prima facie case of robbery in the first degree as defined by Alabama Code 1975, § 13A-8-41 (a)(1).
In Ex parte Curry, 471 So.2d 476 (Ala. 1984), our Supreme Court held, "[w]hen, as in this instance, the only defense is one of alibi, a defendant is not entitled to instructions on lesser included offenses." This rule has been modified to the extent that, even where the accused denies committing any offense, if any reasonable interpretation of the evidence will justify a verdict finding the accused guilty of a lesser included offense, the jury must be so instructed. Ex parteStork, 475 So.2d 623 (Ala. 1985). A judge may properly refuse to charge on lesser included offenses only where the only reasonable conclusion from the evidence is that the accused is guilty of the offense charged or no crime at all or where the requested charge would have a tendency to mislead or confuse the jury. Stork. Here, as in Curry, the only issue was one of identity. The requested charges on robbery in the second and third degrees were properly refused.
 II
There was no material variance between the facts charged in the indictment and the proof at trial.
The indictment charged the defendant with robbery and described "a theft of Four Hundred Fifty Dollars . . .; a .25 *Page 38 
caliber pistol . . ., one man's wallet . . . the property of Mansoor Butt. . . ." The evidence showed that Mansoor Butt and Farooq Janjua owned the Circle N grocery. They were both present during the robbery. The defendant took the .25-caliber pistol and a wallet from Mr. Janjua's pocket. The wallet contained $80 or $90. The robbers also removed $300 from the cash register.
The fact that the evidence showed that the pistol and the wallet belonged to Mr. Janjua and not Mr. Butt as described in the indictment did not constitute a fatal variance between the allegations and proof. "There is no requirement in establishing a prima facie case of robbery that the property stolen belong to the robbery victim. . . . There is no material variance between an indictment which charges that the property taken was the personal property of a named individual and proof showing that the property belonged to another. . . ." (Citations omitted). Raines v. State, 429 So.2d 1104, 1106 (Ala.Cr.App.), affirmed, Ex parte Raines, 429 So.2d 1111 (Ala. 1982).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.