Charles Wesley Edwards was convicted of manslaughter and sentenced to 15 years' imprisonment. This appeal is from that conviction.
 I.
Edwards contends that "all the evidence supports the contention that the shooting occurred during the course of a struggle over the gun and while he was immediately trying to unload it," and that the trial court committed error in refusing to instruct the jury on the legal principle of accident. Appellant's brief at 26.
Edwards submitted four written requested charges regarding accident.
"Charge No. 24
 "I charge you that if the death of the deceased is the result of an accident, then you cannot convict the defendant of murder." *Page 830 
"Charge No. 25
 "I charge you that a killing done by accident cannot be the basis of a murder conviction. The laws recognizes that an accident may absolve the perpretrator of responsibility under the criminal law."
"Charge No. 26
 "I charge you that the offense of manslaughter as charged in the indictment cannot be sustained if you are convinced from the evidence that the killing was done by accident, and not by the intention of the defendant."
"Charge No. 28
 "I charge you that you cannot convict the defendant of either murder or manslaughter unless you find that the killing was done with the intention to take human life. Merely finding that the acts resulting in the loss of life were done recklessly, wantonly, carelessly or negligently will not support a finding of guilty of either murder or manslaughter as charged in the indictment."
As a technical matter, these charges were properly refused. Charges 24, 25, and 26 were properly refused because each charge failed to define the meaning of the word "accident."Gautney v. State, 284 Ala. 82, 89, 222 So.2d 175, 182 (1969);Terry v. State, 540 So.2d 782, 785 (Ala.Cr.App. 1988), cert. denied, 540 So.2d 785 (Ala. 1989). Charge No. 28 was also properly refused because it is an incorrect statement of the law. A person may commit the crime of reckless manslaughter. Ala. Code 1975, § 13A-6-3(a)(1). See § 13A-6-3 Commentary under "Wanton or Reckless Conduct"; § 13A-2-2(3) (defining "recklessly"). Furthermore, that charge is confusing. See Owenv. State, 255 Ala. 354, 357, 51 So.2d 541, 543 (1951).
Finally, each of the above requested charges was properly refused because each charge is not predicated on the evidence. "The refusal of a written instruction not hypothesized on a belief from the evidence is not error." Eslava v. State,473 So.2d 1143, 1148 (Ala.Cr.App. 1985).
However, in this case defense counsel did more than merely submit requested instructions to the trial court. When the trial court concluded its oral charge, defense counsel requested the court to charge on the law of accident asserting that this aspect had been omitted from the charge and thereby preserving this issue for review. Salazar v. State,505 So.2d 1287, 1289-90 (Ala.Cr.App. 1986).
 "[Defense Counsel:] And then [the] next charges 24, 25, 26, and 28 deal with the concept of accident. We think that there wasn't any mention in the Court's oral charge in that these are correct statements of the law. That there should be some mention of the fact that if this happened accidentally or unintentionally then they would be entitled to find the defendant not guilty.
 "I think the whole oral charge has omitted that factor.
"THE COURT: What was that last part now?
 "MR. DAWSON [defense counsel]: The fact that the idea of accident or unintentional action actually causing the death. And if [that] is so, the jury should be instructed they would be entitled to find the defendant not guilty."
"Under Alabama law an accidental killing may support a conviction for murder, manslaughter, or negligent homicide, depending on the circumstances of the case." Ex parte Weems,463 So.2d 170, 172 (Ala. 1984). Additionally, a truly accidental killing may result in no criminal responsibility. "A homicide by accident is an excusable homicide. It is an unintended homicide which occurs in the course of performing a lawful act, without criminal negligence." 2 C. Torcia,Wharton's Criminal Law § 136 (14th ed. 1979) (footnote omitted). "If by misfortune or misadventure, while in the performance of a lawful act, exercising due care, and without intention to do harm, human life is taken, the law will excuse. There must, however, be a concurrence of these facts, and the absence of any one will *Page 831 
involve in guilt." Tidwell v. State, 70 Ala. 33, 44-45 (1881), quoted in Turner v. State, 38 Ala. App. 73, 77, 77 So.2d 503,506 (1954), cert. denied, 262 Ala. 704, 77 So.2d 506 (1955).
 "Where the death of a human being is the result of accident or misadventure, in the true meaning of the term, no criminal responsibility attaches to the act of the slayer. Where it appears that a killing was unintentional, that the perpetrator acted with no wrongful purpose in doing the homicidal act, that it was done while he was engaged in a lawful enterprise, and that it was not the result of negligence, the homicide will be excused on the score of accident or misadventure. Such accident may be shown under a plea of not guilty, and if established, requires a verdict of not guilty. Action accompanied, not only with no intent to do harm, but also with a reasonable belief that no harm is possible, is clearly wanting in every essential element of crime. Under this rule, a homicide is excused when caused by the discharge of a gun or pistol which the slayer did not intentionally point at the deceased, and while he was not engaged in any unlawful act, and without any carelessness or negligence on his part, for example, where the slayer is hunting, or where the accused is lawfully attempting to take a gun from the victim and it is accidentally discharged, or where the accused is lawfully acting in self-defense and the victim meets death by accident, through the unintentional discharge of a gun, or the like.
 "On the other hand, a homicide is not excusable on the ground of accident or misadventure unless it appears that the act of the slayer was lawful and free from negligence."
40 Am.Jur.2d Homicide § 112 (1968) (footnotes omitted).
"The defendant has the right to request instructions based upon any material hypothesis which the evidence in his favor tends to establish. Johnson v. State, 257 Ala. 644,60 So.2d 818 (1952). In determining whether an instruction was supported by the evidence the question is not whether the Supreme Court or Court of Criminal Appeals believes the evidence, but simply whether such evidence was presented. Hunter v. State, 295 Ala. 180, 325 So.2d 921 (1975); Giles v. State, 366 So.2d 351
(Ala.Cr.App. 1978)." Ex parte McGee, 383 So.2d 205, 206 (Ala. 1980). "[E]very accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility." Ex parteChavers, 361 So.2d 1106, 1107 (Ala. 1978). See also Stephens v.State, 552 So.2d 162 (Ala. 1989); Hopson v. State,414 So.2d 464 (Ala. 1982). " 'It is the inescapable duty of the trial judge to instruct the jurors fully and correctly on the applicable law of the case, and to guide, direct and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth.' " GraycoResources, Inc. v. Poole, 500 So.2d 1030, 1033 (Ala. 1986), quoting McClendon v. Reynolds Electrical and Engineering,432 F.2d 320 (5th Cir. 1970).
Although the question was one for the jury, Edwards presented a very plausible case that the shooting was accidental. While that was the only real issue in this case, the trial court never mentioned the term "accident" in his oral charge. Contrary to the State's argument, the trial court's instructions on the intent elements involved in murder, manslaughter, and criminally negligent homicide did not fairly and substantially cover the legal principles involved in accident.
The appellant's conviction must be reversed because the trial court refused to charge the jury on the legal principle of accident as it related to homicide. Because we must reverse on this issue, we do not consider the two other issues presented on this appeal. However, we note that while chief deputy coroner Jay Glass is qualified to testify to the cause of the victim's death, Woodard v. State, 401 So.2d 300, 303
(Ala.Cr.App. 1981), his detailed testimony as to the nature of the wounds may not be based solely on the autopsy report prepared by *Page 832 
Dr. Garcea. See Bird v. State, [Ms. 3 Div. 938, February 23, 1990] (Ala.Cr.App. 1990).
The judgment of the circuit court is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.