The appellant, Tony Demetrius Edward Jones, was convicted of murder in violation of *Page 415 
§ 13A-6-2, Code of Alabama 1975, and of robbery in the first degree in violation of § 13A-8-41. He was sentenced to 25 years' in the penitentiary on each conviction, to be served concurrently.
The state's evidence tended to show that on August 14, 1992, the victim, Jack Poe, died as a result of a gunshot wound to the chest. The state presented two eyewitnesses, Lebarron Johnson and Keith Matthews. Matthews, an employee at the Northside Check Exchange in Mobile, testified that at 6:00 p.m. on August 14, 1992, Poe entered his place of business to exchange a $100 bill for bills of lesser denomination. When Poe left the building, Matthews followed him out to buy a newspaper from a sidewalk stand. Matthews observed Poe walking toward the parking lot. He then saw the appellant approach Poe and speak with him for a few seconds. He could not hear what was said. Johnson, an employee of a nearby business, and Matthews observed the appellant grabbing Poe by the arm and the collar. Matthews testified that the appellant had a gun in one hand and was grabbing Poe with the other hand. Poe resisted, and the two struggled for a few seconds. Johnson testified that the appellant then pushed Poe or backed away from Poe and pulled out a gun and shot Poe. Both Johnson and Matthews observed the appellant point a gun at Poe's chest and fire one time. Johnson testified that at the time of the shooting, Poe had his wallet in his right hand. Both Johnson and Matthews testified that the appellant had what appeared to be a white bandage or cloth wrapped around his left hand. Neither Johnson nor Matthews saw Poe with any weapons.
The appellant raises two issues on appeal.
 I
The appellant contends that the trial court erred in refusing to instruct the jury on the lesser offense of manslaughter.
Generally, a trial court should instruct the jury on a lesser offense if there is a reasonable theory from the evidence to support that lesser offense. Ex parte Stork, 475 So.2d 623, 625
(Ala. 1985). However, a trial court may properly refuse to instruct on a lesser offense when it is "clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense." Stork, 475 So.2d at 625. In this case, the trial court did not err in refusing the appellant's requested instruction on the lesser offense of manslaughter.
 "For a jury to find that the appellant may have been guilty of manslaughter rather than murder, evidence would have had to have been introduced at trial which might have shown the appellant's conduct to have been 'reckless' or triggered by 'sufficient provocation.' Ala. Code § 13A-6-3(a) (1975). If such evidence is introduced 'however weak, insufficient, or doubtful in credibility,' then the appellant is entitled to a jury charge on the lesser included offense. Ex parte Stork, 475 So.2d 623 (Ala. 1985); Anderson [v. State], 507 So.2d [580] at 583 [(Ala.Cr.App. 1987)]."
Carey v. State, 560 So.2d 1103, 1106 (Ala.Cr.App. 1989). The evidence tended to show that the appellant pushed or backed away from the victim, pointed a gun at the victim, and fired. Such conduct under the facts in this case is consistent with intentional conduct, not reckless conduct. There was evidence that the appellant and the victim exchanged words for a few seconds, but "it is settled law that mere words, no matter how insulting, are never sufficient provocation" to reduce a killing from murder to manslaughter. Carey, 560 So.2d at 1107. There was no evidence that the victim had any weapons or that he attacked the appellant. Furthermore, the victim was 64 years old at the time of the murder and the appellant was 22 years old. The trial court did not err in refusing to instruct the jury on manslaughter when such an instruction was not supported by the evidence.
 II
The appellant next contends that there was insufficient evidence to convict him of robbery in the first degree. The appellant does not question his conviction of murder.
 "In determining whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, *Page 416 
we must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and view the evidence in the light most favorable to the prosecution. McMillian v. State, 594 So.2d 1253 (Ala.Cr.App. 1991); Faircloth v. State, 471 So.2d 485
(Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979)."
Underwood v. State, 646 So.2d 692, 695 (Ala.Cr.App. 1993).
Robbery in the first degree is defined in § 13A-8-41, Code of Alabama 1975:
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43
and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
 "(2) Causes serious physical injury to another.
 "(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) that he was so armed."
§ 13A-8-43, Code of Alabama 1975, referred to above, defines robbery in the third degree as follows:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person the owner or any person present with intent to compel acquiescence to the taking of or escaping with property."
Here, there was sufficient evidence presented to the jury for them to find the appellant guilty of robbery in the first degree. We will not substitute our judgment for that of the jury. Owens v. State, 597 So.2d 734, 737 (Ala.Cr.App. 1992).
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.