I disagree with the majority opinion solely on Issue III, where this court upholds the trial court's refusal in a rape trial to give a jury charge on the lesser included offense of sexual abuse. The majority opinion assumes false disjunctive premises by asserting that the jury either must accept the victim's full testimony including believing the victim's opinion that there was forcible penetration, or believing the Appellant's testimony in its entirety that there was no forcible compulsion and that no sexual contact occurred. The facts of this case do not restrict the jury to such limited alternatives. Although the evidence indicates that there probably was penetration, the victim testified that she was unconscious at the time that the penetration would have occurred. The rape kit examination produced no evidence of semen, and no evidence of Appellant's pubic hair was found on the victim. However, semen was found on the victim's shirt.
While there was sufficient circumstantial evidence from which the jury could have inferred that the Appellant sexually penetrated *Page 974 
the victim, the jury also could have found that the State failed to present proof beyond a reasonable doubt on that element of the charge of rape. The jury could have believed the Appellant's testimony that he only masturbated, which could be seen as being consistent with the presence of semen on the shirt, but still have believed he engaged in sexual contact with the victim against her will. As the majority opinion states in Issue I, whether there is actual penetration is a question for the jury. Seales v. State, 581 So.2d 1192
(Ala. 1991). If the jury had believed that the element of penetration was not proven beyond a reasonable doubt, but believed the rest of the victim's testimony to be conclusive, then the appropriate jury verdict would have been to find the Appellant guilty of sexual abuse.[3] However, the jury did not have that option because no instruction on sexual abuse was given to them.
In Ex parte Stork, 475 So.2d 623 (Ala. 1985), the Alabama Supreme Court reviewed the issue of whether a defendant is entitled to a jury charge on a lesser included offense when he denies committing the crime itself. The Alabama Supreme Court refused to consider the defendant's testimony a bar to giving the charge, and held that a defendant is entitled to the charge on the lesser included offense as long as it is "based upon any material hypothesis which the evidence in his favor tends to establish." Stork, 475 So.2d at 624. Addressing the specific facts of Stork which dealt with charges on the degrees of assault, our supreme court stated that "one view of the facts would be that petitioner was involved with fighting with thevictim, although she denied that she either fought with the victim or that she stabbed the victim." Id. (Emphasis in original). In this case, one view of the facts would be that Appellant had forced sexual contact with the victim without actual penetration, although he denied that he either forced the victim or had sexual contact with her. The fact that Appellant denied any sexual contact does not in itself prevent a jury charge on a lesser included offense. As the Alabama Supreme Court stated:
 "An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973). A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So.2d 279 (1965). In fact, our decisions are to the effect that every accused is entitled to have charges given which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility. Burns v. State, 229 Ala. 68, 155 So. 561 (1934)."
Ex parte Stork, 475 So.2d at 625, quoting Ex parte Chavers v.State, 361 So.2d 1106 (Ala. 1978). (Emphasis added.)
In this case, there was evidence to support a charge of sexual abuse. Based on the Alabama Supreme Court's ruling inEx parte Stork, 475 So.2d 623 (Ala. 1985), I must respectfully dissent from the majority opinion on this issue.
[3] In fact, it appears that the jury did have difficulty with the question of whether penetration occurred, since it asked for additional instructions from the trial court as to what constitutes penetration, and specifically asked if touching was penetration.