REL: 08/29/2014

**Notice**: This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130921

_____

Ex parte Kevin Waide Peoples

PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS

(In re:  Kevin Waide Peoples

v.

State of Alabama)

(Jefferson Circuit Court, CC-12-1124, CC-12-1125, CC-12-1126, CC-12-1127, CC-12-1128;
Court of Criminal Appeals, CR-12-1697)

WISE, Justice.

WRIT DENIED.  NO OPINION.

1130921

Stuart, Bolin, Parker, Murdock, Shaw, Main, and Bryan, JJ., concur.

Moore, C.J., dissents.

1130921

MOORE, Chief Justice (dissenting).

Kevin Waide Peoples walked into the Woodlawn Post Office on November 3, 2011, and placed a note on the counter in front of Andrea Jackson, a postal clerk. The note read: "Give me the money. I have gun." Peoples then placed one of his hands, which was wrapped in his jacket, on the counter, thus reinforcing the statement in the note that he had a gun in his possession. However, Jackson never saw a weapon. Jackson gave Peoples $1,000 from the cash drawer. He left the post office and fled in his truck. The police located the truck within 15 minutes, and Peoples led them on a chase before being apprehended. The police did not find a gun on Peoples's person or in his truck.

Convicted of first-degree robbery and other offenses, Peoples was sentenced as a habitual felony offender to life imprisonment without the possibility of parole. He raises a single issue before this Court: Whether he was entitled to a jury instruction on the lesser-included offense of third-degree robbery. "[E]very accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence,

3

however[] weak, insufficient, or doubtful in credibility." Ex parte Chavers, 361 So. 2d 1106, 1107 (Ala. 1978). In particular, "[a] person accused of the greater offense has a right to have the court charge on lesser included offenses when there is a reasonable theory from the evidence supporting those lesser included offenses." MacEwan v. State, 701 So. 2d 66, 69 (Ala. Crim. App. 1997).

A conviction for first-degree robbery requires proof that, at the time of the robbery, the accused was "armed with a deadly weapon or dangerous instrument." § 13A-8-41(a)(1), Ala. Code 1975. "[A]ny verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence ... that he was so armed." § 13A-8-41(b), Ala. Code 1975 (emphasis added). By presenting the note to the postal clerk and placing his arm on the counter wrapped in his jacket, Peoples represented that he was armed with a deadly weapon. Thus, the jury had adequate evidence from which to convict Peoples of first-degree robbery. Prima facie evidence, however, is not conclusive evidence. A prima facie case may be rebutted by contrary evidence.

Peoples did not display a weapon in the post office, and no gun was found on his person or in his truck when he was arrested. From these facts, the jury could reasonably have deduced that Peoples deliberately created a false impression that he had a weapon on him to facilitate the robbery. In that event, the jury would have been free to convict Peoples of third-degree robbery, namely "threaten[ing] the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of ... the property." § 13A-8-43(a)(2), Ala. Code 1975. But the jury did not have this option because the trial court refused to instruct the jury on third-degree robbery.

Were the jury doubtful as to whether Peoples actually had a weapon with him during the robbery, it could have convicted Peoples of the lesser-included offense of third-degree robbery to avoid having to resolve the uncertainty, especially in light of the State's burden of proving Peoples's guilt beyond a reasonable doubt. In this case, where a gun was neither shown nor found, the jury easily could have entertained doubt as to whether Peoples had had a gun in the post office. Because evidence existed, though perhaps "weak, insufficient,

1130921

or doubtful in credibility," <u>Chavers</u>, 361 So. 2d at 1107, that Peoples did not have a gun on his person, he was entitled to have the jury instructed on the elements of third-degree robbery. "The defendant has the right to request instructions based upon any material hypothesis which the evidence in his favor tends to establish." <u>Ex parte McGee</u>, 383 So. 2d 205, 206 (Ala. 1980).

For the above-stated reasons I would grant Peoples's petition for a writ of certiorari to review the holding of the Court of Criminal Appeals that "there was no reasonable theory from the evidence to support a charge on third-degree robbery."